**UNITED STATES of America, Plaintiff–Appellee.**

v.

**Andres Gerardo GONZALEZ, Defendant–Appellant.**

**No. 13–41079**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 7, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Andres Gerardo Gonzalez was sentenced to 210 months' imprisonment for possession, with intent to distribute, 500 grams or more of methamphetamine. On appeal,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

he contends the district court clearly erred by denying him a mitigating-role reduction, maintaining the court construed the law erroneously, mistakenly believing Gonzalez' role in the offense had to be assessed in relation to other participants charged in the case and before the court, of which there were none. Gonzalez asserts the error is not harmless.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo;* its factual findings, only for clear error. *E.g., United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir.2008). "There is no clear error if the district court's finding is plausible in [the] light of the record as a whole". *United States v. Valdez*, 726 F.3d 684, 692 (5th Cir.2013) (citation and internal quotation marks omitted). Gonzalez claims only the above-described procedural error.

The denial of a reduction for a claimed mitigating role is a factual determination, reviewed for clear error. *See, e.g., United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir.2013). In making the determination, the district court evaluates the defendant's participation level in the offense "in reference to that of an average participant", and his role is "not minor if it was actually coextensive with the conduct for which [he] was held accountable". *Id.* (citations and internal quotation marks omitted). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity". *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir.2005) (citation and internal quotation marks omitted). Defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to the mitigating-role adjustment. *Alaniz*, 726 F.3d at 626 (citation and internal quotation marks omitted).

Gonzalez' claim he was entitled to such a reduction is unavailing. The district court heard Gonzalez' assertions for applying the reduction and provided sufficient reasons for denying it, including Gonzalez had been searching for a buyer for a large amount of methamphetamine for some time and had it in his possession during that period.

Based on the record as a whole, Gonzalez was not peripheral to the advancement of the offense, and the conduct for which he was held accountable, possession with intent to distribute, is coextensive with his role.

AFFIRMED.